IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil No. 3:08-00179 |
| | ) | Judge Trauger |
| | ) | |
| JOHN E. MOTLEY | ) | |
| | ) | |

**MEMORANDUM and ORDER**

The defendant has filed a Petition For Relief Under Retroactive Crack Cocaine Amendment (Docket No. 35), to which the government has responded in opposition (Docket No. 37).

The defendant pled guilty under a binding plea agreement specifying a sentence of 180 months on Count I, charging possession with intent to distribute crack cocaine, and 120 months on Count II (to run concurrent with the sentence on Count I), which count charged the defendant with being a felon in possession of a firearm. The defendant maintains that his original sentence was "based on" the federal sentencing guidelines and that, therefore, under *Freeman v. United States*, 131 S. Ct. 2685 (2011), he is entitled to a sentence reduction.

The *Freeman* case does allow a sentence reduction under the retroactive crack cocaine amendment when a binding plea agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission." 131 S. Ct. at 2698. The governing opinion of Justice Sotomayor requires that the court look to the terms of the plea agreement in order to discover whether or not the binding sentencing

1

agreement is "based upon" the crack cocaine guideline. The sentencing range must be evident from the agreement itself in order for it to be "based upon" that range.

At first blush, this plea agreement appears to qualify the defendant for a sentence reduction under the *Freeman* case, in that it recites that the defendant "specifically agrees that he possessed with intent to distribute or distributed at least 35-50 grams of cocaine base ("crack cocaine") within this time period, and that this amount of crack cocaine is a conservative estimate of his relevant conduct for drug weight for the purposes of the advisory Sentencing Guidelines." (Docket No. 26 at 6) The plea agreement also recites that "the parties agree the base offense level for this count and its relevant conduct is 35-50 grams of crack cocaine, which yields a base offense level of 28 under U.S.S.G. § 2D1.1(c)(6)." (*Id*. at 8) However, additional terms of the plea agreement belie that, in fact, the defendant's agreed-upon sentence was "based on" the Guidelines.

Paragraph 10 specifically provides that, although the parties are jointly agreeing on certain offense level calculations, they "understand that the sentence agreed to herein pursuant to Rule 11(c)(1)(C) [is] not dependent on these calculations:" Subparagraphs of that paragraph go on to state ". . . the parties agree that any disagreements regarding the applicable offense level or the effect of grouping rules are moot since the parties have agreed to a specific sentence in this agreement." As to the defendant's criminal history category, again, the parties "agree that any such objections will be moot since the parties have agreed on a specific sentence in this case." (*Id*. at 8-9). Paragraphs 12 and 19 set out in detail the government's "concessions" that justify an agreed sentence higher than the anticipated guideline range, which include not charging the

2

defendant with several additional charges that could have required mandatory consecutive sentences of 5, 10, or even 20 years in prison. (*Id*. at 10-11, 13)

In sum, the binding agreed sentence in this case was a compromise based on numerous factors and was not "based upon" the crack cocaine guideline. Therefore, the defendant is not entitled to any relief, and his Petition (Docket No. 35) is **DENIED**.

It is so **ORDERED**.

Enter this 7th day of August 2012.

_____
ALETA A. TRAUGER
U.S. District Judge